**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SERGIO ANTONIO HERNANDEZ BAUTISTA,

      Petitioner,

v.

DORA CASTRO, Warden of Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Acting United States Attorney General,

      Respondents.

Case No. 2:26-cv-01318-MIS-JMR

**<u>ORDER TO SHOW CAUSE AND ENJOINING TRANSFER</u>**

This matter is before the Court on the Verified Petition for Writ of Habeas ("Petition"), filed by Sergio Antonio Hernandez Bautista on April 27, 2026. ECF No. 1. Petitioner is an immigration detainee at the Otero County Processing Center. <u>Id.</u> ¶ 10. Petitioner is a citizen of Mexico, <u>see</u> Pet. Ex. 1 at 5, ECF No. 1-1, who entered the United States in 2000, <u>id.</u> ¶ 4. Petitioner is married with two U.S. citizen children. <u>Id.</u> ¶ 16. Petitioner has been arrested "for driving without a license and insurance and later was charged for not appearing in court." <u>Id.</u> ¶ 30.a. Petitioner was detained on February 2, 2026, while at work. <u>Id.</u> ¶ 7.

Petitioner is in detention under 8 U.S.C. § 1225(b)(2)(A), <u>id.</u> ¶ 8, and has not received a bond hearing, <u>id.</u> at 1. Petitioner is in removal proceedings and has applied for cancellation of removal under 8 U.S.C. § 1229b(b). <u>Id.</u> ¶¶ 11, 13. Petitioner is challenging "the constitutional application of [8 U.S.C. § 1225(b)(2)(A)] to Petitioner's specific circumstances." <u>Id.</u> at 2. Petitioner believes "the trajectory of his case makes clear he will be detained far beyond the six-month

presumptively reasonable period absent intervention by this Court." Id. ¶ 27.

Petitioner seeks a declaration that his "continued detention violates the Fifth Amendment to the United States Constitution" and immediate release "subject to reasonable conditions of supervision" or, alternatively, a bond hearing within seven (7) days, and "a stay of removal proceedings." Id. at 11-12. Petitioner has also filed a Motion for Order to Show Cause. ECF No. 2.

Having reviewed the record, the Petition may raise a colorable claim for relief. The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No. 4.

Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. See, e.g., Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (finding that 8 U.S.C. § 1226(a) governed the petitioner's detention and that his continued detention violated his Fifth Amendment due process rights). **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico

2

and/or from removing him from the United States during the pendency of this habeas action, absent a final order of removal.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE